# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JULETT W. CARNAHAN,** : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 5:07-CV-00103(HL) |
| v. : | |
| : | |
| **BUTTS COUNTY BOARD OF** : | |
| **EDUCATION,** : | |
| : | |
| Defendant. : | |

## ORDER

Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis (Doc.2). Plaintiff has submitted two Affidavits in Support of Request to Proceed In Forma Pauperis; however, Plaintiff has failed to fully complete the forms. Accordingly, Plaintiff's Motion is Denied.

Plaintiff, Julett W. Carnahan, was employed by Defendant, Butts County Board of Education from September of 1974 until March 29, 2006. Plaintiff filed this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-5 (West 2003), alleging that she was unlawfully terminated from her job due to racial discrimination and discrimination based on her recent breast cancer diagnosis. On March 20, 2007, Plaintiff filed a Motion to Proceed In Forma Pauperis. Plaintiff also filed a supporting Affidavit, describing her financial need to proceed in forma pauperis. Plaintiff did not fully complete the form and was ordered by this Court on March 21, 2007, to complete the form or pay the filing fee in order to prevent her Complaint from being dismissed. Plaintiff submitted a second supporting Affidavit on March 29, 2007, and yet again failed to fully complete the form, specifically question four regarding her previous employment.

When a party moves to proceed in forma pauperis, the Court may authorize proceedings

"without prepayment of fees. . . by a person who submits an affidavit that includes a statement of *all* assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C.A. 1915(a)(1) (West 2006) (emphasis added). Further, "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C.A. 1915(e)(2)(A) (West 2006). In this case, question four regarding Plaintiff's previous employment has not been answered, and therefore the Court is not fully aware of Plaintiff's financial situation. The Court is unable to fully consider the truth of Plaintiff's allegation of poverty without a full understanding of Plaintiff's financial situation.

If Plaintiff desires to move forward with the case, she must pay the entire $350.00 filing fee. Plaintiff shall have thirty (30) days from the date this Order appears on the docket to pay the entire filing fee. Failure to comply with this order shall result in the dismissal of Plaintiff's Complaint. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 3rd day of April, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

eab